UNITED STATES of America,
Appellee,

v.

George COX, also known as "Albert
L. Rand," Defendant–Appellant.

Docket No. 01–1459.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 5, 2002.

Decided: Aug. 15, 2002.

the issue of whether the plaintiff's claim against the defendants is subject to arbitration.

Martin G. Goldberg, Franklin Square, NY, for Defendant–Appellant.

Kelly T. Currie, Assistant United States Attorney (Alan Vinegrad, United States Attorney for the Eastern District of New York, Peter A. Norling, Assistant United States Attorney, on the brief) Brooklyn, NY, for Appellee.

Before POOLER and SOTOMAYOR, Circuit Judges, and KAPLAN, District Judge.*

POOLER, Circuit Judge.

Defendant George Cox appeals from the August 14, 2001, amended judgment of the United States District Court for the Eastern District of New York (John Gleeson, Judge) resentencing him after a remand to 46 months imprisonment following his guilty plea to one count of theft of government property, in violation of 18 U.S.C. § 641. Defendant is in the unenviable position of winning his first direct appeal and then receiving a sentence on remand that is 13 months longer than his original sentence. Cox assigns several errors to the district court's decision and questions its motives. After a careful examination of the entire record, we find no error in the district court's rulings on remand, and we affirm.

---

* The Honorable Lewis A. Kaplan of the United States District Court for the Southern District of New York, sitting by designation.

## BACKGROUND

The facts of this matter also are in our prior opinion, *United States v. Cox*, 245 F.3d 126 (2d Cir.2001), familiarity with which is assumed. Cox over a 12–year period embezzled $588,872 from the federal Department of Veterans' Affairs. Cox used his job within the department to send disability payments to a fictitious disabled veteran he created named "Albert L. Rand." After his arrest on federal charges, Cox unsuccessfully moved to suppress evidence including false identification for Rand. Defendant then pleaded guilty. The district court sentenced Cox on June 25, 1999, to 33 months imprisonment, and Cox appealed his sentence. We remanded the matter to the district court for resentencing because—after the time of Cox's original sentencing—the New Jersey state courts dismissed one of two convictions bearing upon Cox's criminal history category calculation and the reason for the dismissal was relevant to the criminal history calculation. *Cox*, 245 F.3d at 131–32.

The dismissed conviction was possession of a controlled dangerous substance, to which Cox pleaded guilty in New Jersey state court on March 1, 1999, before he entered his guilty plea to the instant federal charge. Both the state and federal charges stemmed from Cox's arrest on April 10, 1998, when Fort Lee local police responded to a report of a woman screaming in a hotel room. The woman called the hotel's front desk asking for help and also placed a call to local police. A hotel security guard heard a woman screaming for help, saw her leave Cox's room and tried to question her to no avail. Police responding to the call found Cox inside the room, and they found crack cocaine and drug paraphernalia in plain view in the room. While arresting Cox on state drug charges, police discovered identification for Rand

bearing Cox's photograph, and they alerted federal authorities to a possible fraud.

The remaining conviction in Cox's criminal history stemmed from his arrest on March 13, 1995, in Fort Lee. Again, local police responded to a hotel room after receiving reports of a woman screaming. When police entered the hotel room, they found Cox and a woman and drug paraphernalia. Cox became aggressive and violent toward the officers, and they charged him with aggravated assault and resisting arrest as well as two drug-related crimes. The woman in the room declined to file charges against Cox. Cox pleaded guilty to simple assault.

After the remand from our court, Cox moved to withdraw his guilty plea to the federal charge, which the district court denied on June 8, 2001. Cox does not appeal this ruling. On remand, the district court determined that the New Jersey state court had dismissed Cox's 1998 conviction for cocaine possession for "prudential reasons, and not because of constitutional invalidity, innocence, or errors of law." The district court did not include the dismissed conviction in its calculation of Cox's criminal history category, but it did consider the matter in deciding to upwardly depart from Cox's criminal history category I to category II. In addition, the district court at the time of resentencing declined to give Cox credit for acceptance of responsibility, even though Cox had received the credit at his original sentencing. On July 13, 2001, the district court resentenced Cox to 46 months imprisonment, three years supervised release, $588,872 restitution and $100 special assessment. The district court detailed its rulings on both the motion to withdraw the plea and the sentencing in a Memorandum and Order dated August 3, 2001. Cox again appeals his sentence.

## DISCUSSION

### I. Criminal history category

■ Cox first contends that the district court erred when it upwardly departed from criminal history category I to category II pursuant to U.S.S.G. § 4A1.3. Specifically, Cox argues that his 1998 arrest for drug possession is an improper basis for the departure because it is criminal conduct not similar to the instant crime of conviction. Defendant also contends that the departure rested on speculation to the extent that the district court considered possible violence surrounding the 1998 incident. Finally, Cox argues that impermissible double-counting occurred if the district court considered possible violence surrounding his 1995 arrest and conviction, which presented circumstances similar to the 1998 arrest, because the 1995 conviction already was included in his criminal history calculation. None of defendant's contentions has merit.

■ The Sentencing Guidelines permits a departure "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. We review the district court's finding regarding the adequacy of the calculated criminal history for clear error and review the scope of the sentencing court's departure for reasonableness. *United States v. Kassar,* 47 F.3d 562, 566 (2d Cir.1995), *abrogated on other grounds, Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

The guideline lists five types of reliable information that the district court may consider in reaching its conclusion. Importantly, in listing these factors, the guideline states that "[reliable] information may include, *but is not limited to,* informa-

tion concerning [the factors]." U.S.S.G. § 4A1.3 (emphasis added). *See United States v. Cervantes,* 878 F.2d 50, 55 (2d Cir.1989) (noting that the five factors listed in the guideline are "not all inclusive"). Although the district court did not state so specifically, it properly relied on this expansive language. In our remand decision, we invited the district court to investigate a Section 4A1.3 departure because U.S.S.G. § 4A1.2(j) permits this consideration of "expunged" convictions. *Cox,* 245 F.3d at 132. However, the district court specifically found that Cox's 1998 conviction was not expunged because the New Jersey courts dismissed it only for prudential reasons. Thus, this basis for the departure was unavailable. Next, the district court determined that no "sentence" ever would result from the 1998 conviction. This was the district court's rationale for failing to include the conviction in the criminal history calculation. It also takes the conduct outside of the Section 4A1.3 factors involving prior or imminent sentences.

Cox presumes that the district court relied on Section 4A1.3(e), which concerns "prior similar adult criminal conduct not resulting in a criminal conviction," but the district court did not invoke this factor. U.S.S.G. § 4A1.3(e). We agree with Cox that the factor requires the prior criminal conduct—as opposed to a conviction—to be similar to the instant crime of conviction. *United States v. Chunza–Plazas,* 45 F.3d 51, 56–57 (2d Cir.1995); *United States v. Mayo,* 14 F.3d 128, 131–32 (2d Cir.1994). There is no question that Cox's prior criminal conduct of drug possession is not similar to the instant conviction for theft of government property.

But that does not end the inquiry. As noted above, the five factors in the guideline are not exhaustive. We recognized this plain reading of the guidelines in *Cer-*

*vantes*, where we acknowledged that a sentencing court may consider bail jumping as a ground for a Section 4A1.3 upward departure even though the prior adult criminal conduct was dissimilar to the crime of conviction of importing cocaine and did not itself result in a criminal conviction. *Cervantes*, 878 F.2d at 55. This plain reading of the guidelines was not discussed in *Chunza–Plazas*, where we limited our consideration of a Section 4A1.3 upward departure to the five specific factors in the guideline and rejected the government's attempt to expand the reach of factor (e) to "authorize use of nonsimilar conduct that did not result in a conviction." *Chunza–Plazas*, 45 F.3d at 57. *Chunza–Plazas* did not discuss *Cervantes* or the expansive language of the guideline itself, creating an apparent tension within our precedent. *See United States v. Cusack*, 66 F.Supp.2d 493, 506–07 (S.D.N.Y.1999), *aff'd*, 229 F.3d 344 (2d Cir.2000).

Two considerations allow us to resolve this tension. First, the broad language of *Chunza–Plazas* did not purport to consider non-express factors under Section 4A1.3 because the court appears to have been concerned about the reliability of the information establishing the prior criminal conduct and the fact that this conduct took place in a foreign country. *Chunza–Plazas* concerned a defendant with no prior convictions but who allegedly had a long history of uncharged criminal conduct in Columbia. *Chunza–Plazas*, 45 F.3d at 56. The government sought to establish defendant's criminal history through the testimony of an anonymous witness, a cooperating former member of a Columbian drug cartel and a Drug Enforcement Administration agent conveying information he received from paid informants. *Id.* at 53–54.

Second, since we decided *Chunza–Plazas*, the Supreme Court in *Koon v. United States* propounded a flexible approach to considering non-express bases for departure under the guidelines. *Koon v. United States*, 518 U.S. 81, 106–08, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (stating that the Sentencing Commission has determined "that, with few exceptions, departure factors should not be ruled out on a categorical basis"). The *Koon* decision reinforces our conclusion in *Cervantes* that a sentencing court may consider information outside the five express factors of Section 4A1.3 as a basis for departure as long as the information is reliable.[1]

The district court properly determined that the 1998 arrest presented reliable information about Cox's criminal history, specifically his possession of cocaine and drug paraphernalia. The district court in presiding over the suppression hearing in this matter heard and evaluated the testimony of the arresting officers, who stated that Cox possessed cocaine, marijuana, two crack pipes and other drug paraphernalia in his hotel room. Indeed, Cox concedes that information about his drug possession in 1998 is reliable. Before the sentencing court, Cox's attorney tried to minimize the undisputed facts of defendant's criminal history by arguing that, "He was getting high, hanging with a prostitute and it may be illegal, but it's not the crime of the century." The district court rejected these attempts to downplay the incident. It pointed out that police discovered Cox with drugs because they were responding to a woman's screams for help from Cox's hotel room. When the district court noted the similarities in the 1995 conviction and 1998 arrest, it did not double-count the 1995 conviction but recognized a pattern of

---

1. Prior to publication, we circulated a draft of this opinion to the members of the panel still on this court that decided *United States v.* *Chunza–Plazas,* and they had no objection to our interpretation.

conduct in which Cox engaged. The similarity between the two arrests lends additional credibility to police accounts of the 1998 arrest.

We agree that the district court lacked specific information about why the woman was screaming during the 1998 incident, but there was no question that her cries for help alerted hotel security and police. There also was no question that Cox admitted to illegal drug possession as a result of the 1998 incident. The district court inferred that Cox most likely was engaged in violence toward women in addition to drug use during the 1995 and 1998 incidents, but this inference is not necessary to the sentencing court's decision to upwardly depart pursuant to Section 4A1.3.

The district court had reliable information—including the testimony of arresting officers and the guilty plea of Cox himself—that Cox engaged in prior adult criminal conduct of drug possession. The district court recognized that, but for the state of New Jersey's decision to dismiss the conviction for prudential reasons, the 1998 arrest would have figured directly into Cox's criminal history calculation. The district court made a factual finding that reliable information about the 1998 arrest indicated that Cox's criminal history was more serious than a category I. This finding was not clearly erroneous, and the departure of one category was reasonable.

## II. Denial of credit for acceptance of responsibility

■ Cox next argues that the district court erred in refusing to give him credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Specifically, Cox claims that his motion to withdraw his guilty plea did not provide a proper basis for the district court's decision because Cox in that motion did not claim factual

innocence. Defendant suggests that events from his first sentencing improperly influenced the district court's decision at resentencing. While the district court was candid that it regretted not having denied Cox the acceptance credit at the original sentencing, it was careful to base its decision at resentencing solely on Cox's post-appeal conduct. The district court properly concluded that Cox's post-appeal conduct was not only consistent with Cox's denial of responsibility during his original sentencing but also sufficient on its own to warrant a denial of the credit at resentencing.

■ Section 3E1.1 provides for a two— or three-level decrease in defendant's offense level calculation where defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. According to the guideline, "[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.* § 3E1.1, comment. (n.3). The sentencing court's evaluation of defendant's acceptance is entitled to great deference, and we will review factual findings for clear error. *United States v. Remini,* 967 F.2d 754, 761 (2d Cir.1992).

■ Although the district court invited briefing regarding whether it could deny acceptance credit on the basis of statements Cox made at his original sentencing, it did not decide on this ground. Thus, defendant's arguments regarding the district court's violation of the mandate rule are inapposite. The mandate rule "bars the district court from reconsidering or modifying any of its prior decisions that have been ruled on by the court of appeals" but does not forbid the district court from "reconsider[ing], on remand, issues that were not expressly or implicitly decided by this Court." *United States v. Stanley,* 54 F.3d 103, 107 (2d Cir.1995)

(quotation marks and citations omitted). We need not decide the scope of our mandate.

After carefully analyzing the non-exhaustive list of eight factors relevant to the acceptance determination, U.S.S.G. § 3E1.1, comment. (n.1), the district court held that Cox's motion to withdraw his guilty plea negated the only factor in his favor—"truthfully admitting the conduct comprising the offense(s) of conviction." *Id.* § 3E1.1 comment. (n.1(a)). A defendant's attempt to withdraw his guilty plea is a valid basis to deny acceptance credit where defendant's reason for withdrawing the plea relates to his claim of innocence. *United States v. Hirsch,* 239 F.3d 221, 226 (2d Cir.2001). In order to make the motion to withdraw and yet retain acceptance credit, defendant's "reason for demanding a trial must be designed to assert and preserve issues that *do not relate to factual guilt* (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.* (quotation marks and citations omitted). *See also United States v. Goodman,* 165 F.3d 169, 175 (2d Cir. 1999); *United States v. Negron,* 967 F.2d 68, 73 (2d Cir.1992).

Cox contends that the basis for his motion was unrelated to a claim of factual innocence. However, the district court found, with defense counsel's support, that Cox's chief motive for making the motion was his belief that racial profiling caused his New Jersey arrest in April 1998. Defense counsel conceded that there was no connection between Cox's arrest and racial profiling, and he advised Cox not to make the motion. Defense counsel argued before the court that a claim of racial profiling is not the same as a claim of innocence and that Cox should not have to lose his acceptance credit. However, the district court did not clearly err when it found that

Cox's outlandish racial profiling claim was "powerful evidence that Cox has not accepted his own personal responsibility for his fraudulent conversion of VA funds." While the district court specifically did not rely on Cox's statements at his first sentencing, it noted that the racial profiling statement was completely consistent with those statements and Cox's persistent course of blaming his conduct on other people. Deferring to the district court's assessment of the circumstances of this case, we affirm the denial of acceptance credit.

## III. Vindictiveness

Finally, Cox contends that the district court acted with vindictiveness or its appearance and asks that we remand his case to another judge for resentencing. According to Cox, because he received a higher sentence after his successful appeal, a presumption of vindictiveness exists, citing *North Carolina v. Pearce,* 395 U.S. 711, 725–26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Cox claims that his circumstances are particularly egregious because the district court made an adverse acceptance of responsibility ruling even though the issue was not part of the original appeal. Because we affirm the sentence below, the issue of assigning a new judge on remand is moot.

For several reasons, we see no indication that the district court acted vindictively. First, the remand was not the result of any error on the district court's part in the original sentencing. Changed circumstances—the dismissal of a conviction after the original sentencing—warranted the appeal and remand. Second, the district court throughout these proceedings carefully notified the parties of its concerns, considered their arguments and submissions, and deliberately laid out its rationale. It was painfully aware of the

vindictiveness issue and acted in a way to dispel any suggestion of improper motive. Third, the substance of the district court's decision withstands appellate review. Consequently, Cox has no valid claim of vindictive behavior.

## CONCLUSION

For the forgoing reasons, we affirm Cox's sentence in its entirety.