UNITED STATES of America,
Appellee,

v.

Joel SCHWARTZ, Defendant–Appellant.

Docket No. 01–1490.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2002.

Alexei Schacht, Nalven & Schacht, Astoria, NY, for Appellant.

Emily Berger, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney, of counsel), United States Attorney's Office for the Eastern District of New York, NY, for Appellee.

Present CABRANES, POOLER and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Joel Schwartz ("defendant" or "Schwartz") appeals from a judgment of

conviction entered January 18, 2001 by the District Court, sentencing Schwartz principally to seventy-eight months of imprisonment for one count of conspiring to distribute and possess with intent to distribute methylenedioxymethamphetamine hydrochloride ("MDMA" or "Ecstasy") in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]

The defendant raises two issues on appeal—whether the District Court erred when it (1) applied a base offense level of thirty-two to defendant's conduct; and (2) granted him a two-level, rather than a three-level, reduction in his offense level for his early acceptance of responsibility for his crime under United States Sentencing Guideline § 3E1.1(b) ("U.S.S.G.").[2]

Defendant claimed on appeal that the District Court erroneously adopted the recommendation of the Presentence Report ("PSR") of a base offense level of 32, which held Schwartz responsible for having agreed to distribute 180,000 tablets of Ecstasy. Defendant raised this argument in his opposition to the PSR. *See* Letter from Ephraim Savitt, Counsel for Joel Schwartz, to Andrew M. Jingeleski, United States Probation Officer 4 (October 3, 2000); J.A. 77–83. However, Schwartz withdrew all objections raised in the October 3, 2000 letter to Probation Officer Jingeleski, after the government reconsidered

its support for downward adjustments based on acceptance of responsibility and the safety valve. Here, the defendant's withdrawal of objections constitutes waiver of the issue on appeal. *See, e.g., United States v. Caba,* 955 F.2d 182, 187 (2d Cir. 1992) (holding defendant's failure to raise objections to the quantity of heroin in the presentence report before or during the sentencing proceedings, constituted a waiver of the issue on appeal). The District Court's holding on defendant's base offense level is supported by the record and conforms to the sentencing requirements for the 180,000 tablets of Ecstasy for which defendant was responsible pursuant to U.S.S.G. § 2D1.1(a)(3). *Id.* at Application Note 12.

Schwartz was granted two points of credit for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The District Court concluded that Schwartz was not entitled to a third point for early acceptance of responsibility for his post-arrest cooperation pursuant to U.S.S.G. § 3E1.1(b), because (1) he did not provide the assistance that agents requested and was not truthful about his criminal history; and (2) defendant delayed entering his plea until the eve of trial. *See United States v. Cox,* 299 F.3d 143, 148 (2d Cir. 2002) (holding that "[t]he sentencing court's evaluation of defendant's accep-

---

1.  21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to . . . distribute . . . or possess with intent to . . . distribute, . . . a controlled substance." 21 U.S.C. § 846 states in relevant part that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

2.  U.S.S.G. § 3E1.1 provides that
    (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), . . . and the defendant has assisted authorities . . . by taking one or more of the following steps:
(1) timely providing complete information to the government concerning his own involvement in the offense; or
(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

tance is entitled to great deference, and we will review factual findings for clear error.") The District Court's decision is amply supported by the record.

Substantially for the reasons stated by the District Court, we hereby **AFFIRM** the judgment of the District Court.