**UNITED STATES of America,**
**Appellee,**

v.

**Lorne BANKS, et al., Defendants,**

**Walter Fantin, Defendant–Appellant.**

**Docket No. 02–1243.**

United States Court of Appeals,
Second Circuit.

April 1, 2003.

Martin J. Littlefield, Assistant United States Attorney (Brett A. Harvey, Assistant United States Attorney, on the brief), for Michael A. Battle, United States Attorney for the Western District of New York, Buffalo, N.Y., for the Appellee.

Herbert L. Greenman, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, Buffalo, N.Y., for Appellant.

Present: MCLAUGHLIN, KATZMANN, and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant Walter Fantin appeals an order of district court denying him an additional one point reduction pursuant to United States Sentencing Guidelines § 3E1.1(b)(2) (2002) ("U.S.S.G."). For the following reasons, we affirm the decision of the district court.

Fantin was indicted in the United States District Court for the Western District on December 5, 1997, and charged with violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud) "by devising a scheme to defraud and obtain money from individuals by means of false and fraudulent pretense, representations and promises." A at 22–23. He was arrested in Spain in January 1998, and extradited to this country in November of 1999. On March 9, 2001, approximately three weeks before his trial was to begin, he notified the court and the government of his intent to plead guilty. He was sentenced on March 25, 2002, at which time the district court granted him a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), but declined to reduce his offense level another point pursuant to § 3E1.1(b).

In this Circuit "[t]he sentencing court's evaluation of a defendant's acceptance [of responsibility] is entitled to great defer-

ence, and we will review factual findings for clear error." *United States v. Cox*, 299 F.3d 143, 148 (2d Cir.2002) (citation omitted). " 'A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.' " *Id.* (quoting U.S.S.G. § 3E1.1 cmt. n. 3).

The dispositive question in this appeal is whether Fantin notified the government and the court of his interest in pleading guilty with sufficient timeliness that wasteful preparation for trial had not already begun. *See* U.S.S.G. § 3E1.1(b)(2) (defendant may qualify for reduction if he "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently"). Fantin's decision to plead guilty only three weeks before trial meant that extensive trial preparation had already been performed, thereby undermining judicial economy. *See United States v. Rogers*, 129 F.3d 76, 80–81 (2d Cir.1997); *United States v. Patasnik*, 89 F.3d 63, 73 (2d Cir.1996). For that reason, we defer to the district court's finding that Fantin was not entitled to an additional one-point reduction.

We have considered all of appellant's arguments. The judgment of the district court is **AFFIRMED.**