United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-50947
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

CARLOS MALDONADO-VALLES,
also known as Roberto Melendez,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-137-ALL-SS
-----------------------------------------------------------

Before JONES, STEWART, and DENNIS Circuit Judges.

PER CURIAM:[*]

Carlos Maldonado-Valles ("Maldonado") appeals the sentence imposed following his guilty

plea for illegal re-entry into the United States following deportation. Maldonado challenges both the

reasons for and the extent of the district court's upward departure pursuant to U.S.S.G. § 4A1.3, p.s.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He also contends that the sentencing provision in 8 U.S.C. § 1326(b)(1) is unconstitutional based on Apprendi v. New Jersey, 530 U.S. 466 (2000).

"[A] district court has wide discretion in determining the extent of the departure, and we will affirm an upward departure if (1) the court gives acceptable reasons for departing and (2) the extent of the departure is reasonable." United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997). Section 4A1.3 permits an upward departure when a defendant's criminal history category does not adequately reflect the seriousness of his past criminal conduct or the likelihood that the defendant will commit other crimes. The district court focused primarily on Maldonado's extensive criminal history of domestic violence and on his repeated illegal re-entries into the United States. The court could properly rely on the uncounted convictions involving domestic abuse. See § 4A1.3 (setting forth a non-exhaustive list of factors which may be considered, including uncounted convictions). Section 4A1.3(e) permits consideration of "prior similar adult criminal conduct not resulting in conviction." Although we have not addressed the subject, three other circuits, noting that § 4A1.3's factors are not exhaustive, have held that a district court may also rely, in certain instances, on the conduct underlying dissimilar unadjudicated offenses. See United States v. Cox, 299 F.3d 143, 147 (9th Cir. 2002); United States v. Brewster, 127 F.3d 22, 26 (1st Cir. 1997); United States v. Schweihs, 971 F.2d 1302, 1319-20 (7th Cir. 1992). Maldonado did not challenge the reliability of the conduct underlying four unadjudicated arrests for domestic violence. Given his propensity for such criminal conduct, evidenced by two counted convictions and two uncounted convictions, the district court did not abuse its discretion by considering, to the extent that it did, the unadjudicated conduct underlying those arrests.

In <u>United States v. Lambert</u>, 984 F.2d 658, 663 (5th Cir. 1993)(en banc), we rejected the notion that a district court, when departing on the basis of § 4A1.3, must "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects." It is apparent from the record that the district court deemed category V inadequate because it did not accurately reflect the seriousness of Maldonado's past criminal history. The district court did not abuse its discretion in departing to criminal history category VI.

Maldonado's contention that the enhancement provision in 8 U.S.C. § 1326(b)(1) is unconstitutional lacks merit because <u>Apprendi</u> did not overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 24 (1998). <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

For the foregoing reasons, Maldonado's sentence is AFFIRMED.