United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30016
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON MEJIA-SUERO, also known as Rafael Carlos
Mercado-Pacheco, also known as Felix Rivers,
also known as Alexander G. Claudio, also known as
Jose Sanchez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-111-ALL-D
--------------------

Before GARWOOD, E. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:*

Ramon Mejia-Suero ("Mejia") appeals the district court's

upward departure based upon the inadequacy of his criminal

history category under U.S.S.G. § 4A1.3. Mejia argues that a

sentencing court must consider only reliable information in its

departure decision and should not consider prior arrests alone,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the district court failed to give adequate reasons to support a departure, and that the district court overstated his criminal history.

The district court considered, not just Mejia's arrest record, but reliable information contained in the PSR. See United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001). The district court was permitted to consider the numerous charges pending against Mejia. See § 4A1.3(d). The district court also properly relied upon the convictions for serious dissimilar conduct which were not counted because they were outside the applicable time period. See §§ 4A1.3; 4A1.2, comment. (n.8).

The district court could also consider dissimilar criminal conduct not resulting in a conviction. Section 4A1.3(e) permits consideration of "prior similar adult criminal conduct not resulting in conviction." Three other circuits, noting that § 4A1.3's factors are not exhaustive, have held that a district court may also rely, in certain instances, on the conduct underlying dissimilar unadjudicated offenses. See United States v. Cox, 299 F.3d 143, 146-47 (2d Cir. 2002); United States v. Brewster, 127 F.3d 22, 27 (1st Cir. 1997); United States v. Schweihs, 971 F.2d 1302, 1319 (7th Cir. 1992). The district court did not abuse its discretion by considering, to the extent that it did, the unadjudicated conduct outlined in the PSR.

Finally, the district court stated the specific reasons for the departure, complied with our instruction to consider each

criminal history category above the guideline range as it determines the extent of the departure, and departed to a reasonable extent.  See United States v. Cade, 279 F.3d 265, 270 (5th Cir. 2002); United States v. Lambert, 984 F.2d 658, 662-63 (5th Cir. 1993) (en banc).

AFFIRMED.