United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30138
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY NETTER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CR-65-1
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gregory Netter appeals the sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court abused its discretion in relying on impermissible factors in its decision to depart upward due to the inadequacy of Netter's criminal history category. The district court did not abuse its discretion in considering three prior convictions for which Netter did not receive any criminal history points due to their remoteness

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in time.  See U.S.S.G. § 4A.13(a)(policy statement); United States v. Harrington, 114 F.3d 517, 520 (5th Cir. 1997).  The district court did not abuse its discretion in considering that Netter had a pending charge for possession of marijuana at the time that he committed the instant offense.  See U.S.S.G. § 4A1.3(d).  The district court also considered Netter's history of domestic violence and his numerous misdemeanor and felony charges which did not result in convictions.  Although we have not addressed the subject, three other circuits have held that a district court may rely on conduct underlying dissimilar unadjudicated offenses.  See United States v. Cox, 299 F.3d 143, 147 (2d Cir. 2002); United States v. Brewster, 127 F.3d 22, 26 (1st Cir. 1997); United States v. Schweihs, 971 F.2d 1302, 1319-20 (7th Cir. 1992).  However, because the district court's other reasons were valid and sufficient to support its upward departure, any error in consideration of these factors was harmless.  Williams v. United States, 503 U.S. 193, 204 (1992); United States v. Kay, 83 F.3d 98, 101 (5th Cir. 1996).

AFFIRMED.