**UNITED STATES of America,**
**Appellee,**

v.

**Frank SCHWAMBORN, Defendant–**
**Appellant.**

No. 03–1370.

United States Court of Appeals,
Second Circuit.

Jan. 23, 2004.

198

Flora Edwards, New York, NY, for Appellant.

Paul T. Weinstein, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States At-

torney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: OAKES, CABRANES, Circuit Judges and AMON, District Judge.*

## SUMMARY ORDER

In April 2001, Frank Schwamborn was charged by indictment with racketeering racketeering conspiracy, wire fraud, mail fraud, mail and wire fraud conspiracy, money laundering conspiracy, and interstate transport of a stolen check. The alleged criminal activity of defendant and his co-conspirators involved the Genovese organized crime family, alleged to be a sophisticated and structured criminal organization that operates within the Eastern District of New York and other parts of the United States.

On November 15, 2002, three days before his trial was scheduled to begin, defendant pleaded guilty to the full indictment. In return for the plea, the Government agreed to support a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

After entering his plea but prior to sentencing defendant expressed to his attorney an interest in withdrawing the plea. Upon obtaining other counsel–who currently serves as his appellate counsel–defendant moved to withdraw, contending that the plea was neither knowing nor voluntary and that he had received ineffective assistance of counsel in deciding whether to plead guilty. The District Court held a hearing at which defendant's trial counsel testified. By memorandum

* The Honorable Carol B. Amon of the United States District Court for the Eastern District of New York, sitting by designation.

and order dated May 23, 2003, the District Court denied defendant's motion.

At defendant's sentencing proceeding, the District Court heard argument from both sides on the calculation of defendant's sentence, and the Court had as well the benefit of defendant's written objections to the calculation in the presentence report and the Government's memorandum of law in opposition to those objections.

Pursuant to U.S.S.G. § 3E1.1(a), the Court granted a two-point reduction for acceptance of responsibility, based on defendant's decision to plead guilty.[1] The Court denied defendant's request for an additional one-point reduction applicable where the defendant has "timely notif[ied] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G. § 3E1.1(b)(2).

Pursuant to U.S.S.G. § 3B1.1(a), the District Court increased defendant's offense level by four points for defendant's role in the offense as an organizer or leader in criminal activity that involved five or more participants or was otherwise extensive.[2] When defendant objected–ar-guing that the District Court was improperly relying on testimony of one of defendant's co-conspirators given in the trial of another co–conspirator–the District Court offered a *Fatico* hearing to allow defendant to challenge the District Court's findings. Defendant declined a hearing and the District Court maintained its position that defendant's role in the offense warranted a four-point enhancement.

As a result of these and other sentencing adjustments, defendant was subject to a sentence of 51 to 63 months' imprisonment, and the District Court sentenced him to 55 months.

On appeal, defendant challenges the District Court's denial of his motion to withdraw his guilty plea, maintaining his contentions that the plea was not knowing and voluntary and that he received ineffective assistance of counsel in relation to the plea. He also presses his appeal on the ground that he received ineffective assistance because his trial counsel failed to inform him of the terms of a plea agreement offered by the Government in October 2001 that was more favorable to him than his actual sentence. Defendant con-

---

1. U.S.S.G. § 3E1.1, entitled "Acceptance of Responsibility," provides:

    (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.
    (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
    (1) timely providing complete information to the government concerning his own involvement in the offense; or
    (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

2. U.S.S.G. § 3B1.1, entitled "Aggravating Role," provides:

    Based on the defendant's role in the offense, increase the offense level as follows:
    (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
    (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
    (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

tends that the record contains the relevant facts of his ineffectiveness claim such that we are permitted to review the claim on direct appeal, and the Government agrees. Finally, defendant appeals two sentencing determinations: (1) the District Court's application of the two-point, rather than a three-point, adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a); and (2) the District Court's application of the four-point enhancement for defendant's role as an organizer or leader of a criminal activity that involved five or more participants, pursuant to U.S.S.G. § 3B1.1(a).

We review the District Court's denial of defendant's motion to withdraw his guilty plea for an abuse of discretion. *See, e.g., United States v. Hernandez,* 242 F.3d 110, 112 (2d Cir.2001). As to the District Court's sentencing determinations, we review the factual findings for clear error. *See, e.g., United States v. Tian,* 339 F.3d 143, 156 (2d Cir.2003)(role in the offense); *United States v. Cox,* 299 F.3d 143, 148 (2d Cir.2002) (acceptance of responsibility). We review the District Court's legal conclusions on defendant's role in the offense *de novo, see Tian,* 339 F.3d at 156, and the Court's evaluation of defendant's acceptance of responsibility is entitled to great deference, *see* U.S.S.G. § 3E1.1 cmt. n. 5; *see also, e.g., Cox,* 299 F.3d at 148.

We agree with the parties that the record before us permits our review of defendant's ineffectiveness claim. Having considered the material submitted by them and heard oral argument of counsel, we conclude, for substantially the reasons stated by the District Court, that plaintiff did not receive ineffective assistance of counsel and that he knowingly and voluntarily entered his plea. We also conclude that–in light of the full record before the District Court, which included the Government's memorandum addressing defen-dant's role as an organizer or leader, and in light of defendant's decision to forego a *Fatico* hearing–the Court did not err in assessing defendant a four-point enhancement for his role in the offense. Finally, we conclude that the District Court acted reasonably in refusing to grant defendant an additional one-point reduction for acceptance of responsibility.

Accordingly, the judgment of the District Court is hereby **AFFIRMED**.

