**UNITED STATES of America,
Appellee,**

v.

**Wayne EVANS, Defendant–Appellant.**

No. 03–1369.

United States Court of Appeals,
Second Circuit.

May 12, 2004.

Joey Lipton, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, Peter A. Norling, Assistant United States Attorney), New York, NY, for Appellee (on submission), of counsel.

Larry Sheehan, Scarsdale, NY, for Defendant–Appellant (on submission).

Present: WESLEY, Circuit Judge, STEIN,* District Judges.**

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

In November 1998, defendant-appellant Wayne Evans ("Evans") was convicted in New York State Supreme Court, Kings County, of criminal sale of a controlled substance in the third degree, a felony under New York law. In August 2001 and again in April 2002, members of the New York City Police Department found Evans in possession of a firearm. Evans was charged in a two-count indictment in the United States District Court for the Eastern District of New York with the crime of being a previously convicted felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). In January 2003, after the district court denied Evans' motion to suppress the weapons in question, Evans pleaded guilty to both counts of the indictment.

The district court (Gershon, J.) Sentenced Evans to 66 months' incarceration, three years' supervised release, and a $200 special assessment. In arriving at Evans' sentence, the court set his base offense level at 20, *see* U.S.S.G. § 2K2.1(a)(4)(A); applied a two-level enhancement for "recklessly creat[ing] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," *id.* § 3C1.2; applied another two-level enhancement for "obstruct[ing] ... the administration of justice" by providing materially false information in connection with his suppression hearing, *id.* § 3C1.1; and declined to apply a three-level "acceptance of responsibility" decrease to Evans' resultant offense level of 24, *see id.* § 3E1.1. Evans appeals the district court's application of the "reckless endangerment" and "obstruction of justice" enhancements, as well as the court's decision not to apply the "acceptance of responsibility" decrease. For the reasons that follow, we affirm the district court's rulings in all respects.

■ "We review ... the district court's legal interpretation and application of the

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

** The Honorable Reena Raggi having recused herself prior to oral argument, this case is decided by the two remaining members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Sentencing Guidelines *de novo,*" *United States v. Rivers,* 329 F.3d 119, 120 (2d Cir.2003), while "factual findings supporting the court's offense calculation are reviewed for clear error," *United States v. McSherry,* 226 F.3d 153, 157 (2d Cir.2000). First, Evans contends that although he fled from the police in their April 2002 encounter, the "short one block chase" that ensued did not amount to reckless behavior within the meaning of U.S.S.G. § 3C1.2. The facts as found by the district court indicate otherwise. After officers approached Evans' vehicle and observed him holding a firearm, Evans pulled away "with the tires screeching." Shortly thereafter, Evans struck another vehicle and, while carrying the firearm, fled on foot. After Evans threw the weapon over a fence, and unsuccessfully attempted to "car jack" another vehicle, an officer apprehended him – only to have Evans again attempt to flee. We cannot hold that the district court clearly erred in crediting the officers' testimony as to these facts, and we see no error in the court's conclusion that Evans acted "recklessly" in his attempt to flee. Indeed, Evans plainly "'was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation.'" *United States v. Williams,* 254 F.3d 44, 46 (2d Cir.2001) (quoting U.S.S.G. § 2A1.4, app. note 1, defining "reckless").

▪ Second, Evans contends that, although he provided false information in connection with the suppression hearing, that information was not "material" to the issue. But again, the facts indicate otherwise. Although Evans admitted at the hearing to having possessed a firearm during the April 2002 incident, the district court adopted the magistrate judge's finding that "in his moving affidavit, defendant affirmatively asserted that he did not possess the firearm at issue." The district court also found that, at the hearing, Evans lied in "claim[ing] that he did not see the officers' shields and ... that they did not announce that they were police officers" prior to his leading them in chase. Finally, the court found that Evans lied in claiming that, at the April 2002 incident, the firearm remained in his pocket until after he began to flee on foot – an apparent attempt to undermine the presence of reasonable suspicion during the traffic stop in question. Thus, we see no error in the district court's conclusion that Evans committed perjury warranting an "obstruction of justice" enhancement. Indeed, Evans provided false information that, "'if believed, ... would tend to influence or affect the issue under determination.'" *United States v. Lincecum,* 220 F.3d 77, 80 (2d Cir.2000) (quoting U.S.S.G. § 3C1.1, app. note 6, defining "material").

▪ Third, Evans contends that he should have received an "acceptance of responsibility" decrease in his offense level because he "admitted his guilt to the instant offense and apologized to both the Court and his family." Under § 3E1.1, "'[a] defendant who enters a guilty plea is not entitled to an adjustment ... as a matter of right.'" *United States v. Cox,* 299 F.3d 143, 148 (2d Cir.2002) (quoting U.S.S.G. § 3E1.1, app. note 3). Moreover, only in "extraordinary cases" will a defendant be eligible for an "acceptance of responsibility" decrease when that defendant has also received an "obstruction of justice" enhancement. *See* U.S.S.G. § 3E1.1, app. note 4; *see also United States v. Champion,* 234 F.3d 106, 110 (2d Cir.2000). We recognize that Evans ultimately admitted his guilt. However, he has suggested no reason why this Court should view his case as "extraordinary" such that leniency

for his belated contrition would be consistent with his enhancement for "obstruction of justice." Indeed, Evans' documented attempts to mislead the district court on matters relevant and material to his guilt are flatly inconsistent with his claim to have "clearly demonstrate[d] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a); *see also Cox*, 299 F.3d at 148.

For the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**