**UNITED STATES of America,
Appellee,**

v.

**George COX, a/k/a "Albert L. Rand,"
Defendant–Appellant.**

**Docket No. 99–1418.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 1, 2001.

Decided March 28, 2001.

---

Martin G. Goldberg, Franklin Square, NY, for Defendant–Appellant.

Peter A. Norling, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Kelly Currie, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

Before STRAUB, POOLER, and SACK, Circuit Judges.

STRAUB, Circuit Judge:

Defendant George Cox appeals from a final judgment of conviction entered on July 6, 1999, in the United States District Court for the Eastern District of New York (John Gleeson, *Judge*). Cox pleaded guilty to one count of embezzlement of funds totaling $588,872 from his employer, the United States Department of Veterans' Affairs ("VA"), in violation of 18 U.S.C. § 641, and was sentenced to 33 months' imprisonment, three years' supervised release, and a $100 special assessment and $588,872 in restitution. Cox now seeks a reduction of his sentence or, alternatively, a remand for resentencing on the ground that one of the two state court convictions used to determine Cox's criminal history category under § 4A1.2 of the United States Sentencing Guidelines was "dismissed" approximately one year after his federal sentencing. Cox also asserts that his counsel rendered ineffective assistance by permitting him to plead guilty to state court charges shortly after he had entered his federal guilty plea, but before his federal sentencing, given the federal sentencing consequences of doing so.

For the reasons that follow, we vacate Cox's sentence and remand to the District Court for (1) further fact-finding concerning the precise circumstances surrounding Cox's guilty plea to the 1999 state drug charges, including the role of counsel in advising him to do so, and the subsequent dismissal of that conviction by the state court, and (2) resentencing in light of those facts.

## BACKGROUND

In January 1986, Cox first began work as a ratings specialist at the VA, where he was responsible for reviewing, determining, and processing claims filed by veterans for disability benefits. Over a twelve-year period beginning in August 1986, Cox made use of his position to embezzle funds totaling $588,872. He carried out this embezzlement scheme by creating a fictitious disabled veteran named "Albert L. Rand," approving monthly disability payments and causing benefit checks to be paid to that fictitious veteran, and depositing those checks in his Queens bank account. The government became aware of this scheme when Cox was arrested by local authorities on April 10, 1998, at a hotel in Fort Lee, New Jersey, on a wholly unrelated charge of possession of a controlled substance. When Cox was arrested on that charge, the police discovered several forms of identification bearing Cox's photograph and the name "Albert Rand." Suspecting Cox's involvement in some sort of fraud, the police contacted federal authorities, who ultimately discovered the embezzlement scheme in which Cox had been engaged.

Cox was charged in New Jersey state court on April 10, 1998, with possession of a controlled dangerous substance, possession of drug paraphernalia, and being under the influence of a controlled dangerous substance. On August 10, 1998, he also was arrested on federal embezzlement

charges. He was indicted by a federal grand jury in the Eastern District of New York on August 28, 1998, and pleaded guilty to the federal charges on February 18, 1999. Very soon thereafter, on March 1, 1999, Cox pleaded guilty to the state drug charges as well. The same attorney represented Cox in both the state and federal proceedings.

Cox was sentenced for the federal embezzlement conviction on June 25, 1999. The District Court placed Cox in Criminal History Category II, based on the inclusion of two New Jersey state court convictions—a 1995 misdemeanor conviction for assault on a police officer and the 1998 state charge of possession of a controlled dangerous substance to which Cox had already pleaded guilty on March 1, 1999, but had not yet been sentenced. The District Court assigned one criminal history point for the 1995 conviction, pursuant to U.S.S.G. §§ 4A1.1(c) and 4A1.2(e)(2), and one criminal history point for the 1999 drug conviction for which Cox had not yet been sentenced, pursuant to U.S.S.G. § 4A1.2(a)(4). While Cox's counsel objected to inclusion of the 1995 misdemeanor conviction when calculating his criminal history, he did not object to the inclusion of the 1999 conviction. Based on his placement in Criminal History Category II, the applicable imprisonment range under the Sentencing Guidelines was 27 to 33 months. The District Court sentenced Cox to 33 months' imprisonment and ordered him to pay restitution to the VA for the full amount that he embezzled.

On June 29, 2000, approximately one year after Cox's federal sentencing, the 1999 state conviction was dismissed by order of the same New Jersey state court in which he was convicted. While that order references an "attached memo," which apparently explains the reasons for the dismissal, that memorandum itself is not included as part of the record, and there is no other indication in the record as to why the 1999 state conviction was dismissed.

## DISCUSSION

■ On appeal, Cox contends that the post-sentencing dismissal of the 1999 state conviction requires us either to adjust his sentence by excluding that conviction from his criminal history or to remand for re-sentencing. Cox also asserts that his counsel at sentencing was constitutionally ineffective in permitting him to plead guilty to the 1999 state drug charges, since that lawyer should have been aware of the potential federal sentencing consequences of pleading guilty to the state court charges. The government responds that both of these claims are premature, arguing that while Cox does not advance a collateral challenge to that 1999 conviction, which already has been dismissed by the New Jersey state court, we nevertheless should defer consideration of Cox's claims until he files a petition under 28 U.S.C. § 2255.[1]

### I. Effect of Dismissal of the 1999 State Conviction

As noted in the Sentencing Guidelines, consideration of a defendant's criminal history "is directly relevant" to the four purposes of sentencing set forth by statute: (1) "to reflect the seriousness of the offense . . . and to provide just punishment for the offense;" (2) "to afford adequate deterrence to criminal conduct;" (3) "to protect the public from further crimes of the defendant;" and (4) "to provide the

---

1. As Cox correctly notes, he is not precluded on account of his guilty plea from appealing his sentence, since the sentence actually imposed is greater than the time period specified at the time the plea was taken. *See* 18 U.S.C. § 3742(c)(1).

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. ch. 4, pt. A, introductory cmt.; 18 U.S.C. § 3553(a)(2). Under the Sentencing Guidelines, a defendant's criminal history category is calculated with reference to the number and length of the defendant's "prior sentence[s]," a term defined to include "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a).

■ However, not every "prior sentence" is properly included when calculating a defendant's criminal history category under the Sentencing Guidelines. *See United States v. Carter,* 203 F.3d 187, 192 (2d Cir.2000). Rather, U.S.S.G. § 4A1.2 sets forth a variety of different types of prior sentences that are not to be included, and specifically, U.S.S.G. § 4A1.2(j) provides that sentences for "expunged" convictions are not to be counted. While the Sentencing Guidelines do not explicitly define what constitutes an "expunged" conviction, we have made clear that a prior state conviction should not be counted under U.S.S.G. § 4A1.2 when the statute under which that conviction has been dismissed indicates legislative intent "wholly to eliminate any trace of the past proceeding ... [and] wholly to erase [the defendant's] prior conviction from [the state's] criminal records." *United States v. Beaulieau,* 959 F.2d 375, 381 (2d Cir.1992) (prior juvenile conviction that had been ordered sealed and stricken from public records, pursuant to Vermont statute, could not be counted under U.S.S.G. § 4A1.2). Moreover, the application notes to U.S.S.G. § 4A1.2 distinguish between sentences "resulting from convictions that (A) have been reversed or vacated because of errors of law or because of subsequently

discovered evidence exonerating the defendant, or (B) have been ruled constitutionally invalid in a prior case," U.S.S.G. § 4A1.2, Application Note 6, which are *not* to be counted, and sentences resulting from "convictions [that have been] set aside" or for which "the defendant [has been] pardoned for reasons unrelated to innocence or errors of law, *e.g.,* in order to restore civil rights or to remove the stigma associated with a criminal conviction," U.S.S.G. § 4A1.2, Application Note 10, which are to be counted. *See United States v. Matthews,* 205 F.3d 544, 546 (2d Cir.2000).

■ These passages in the Sentencing Guidelines make clear that "[w]hen a state court vacates a defendant's prior state conviction," in certain circumstances, "the sentence resulting from that conviction may not influence the defendant's criminal history score under the Guidelines." *United States v. Guthrie,* 931 F.2d 564, 572 (9th Cir.1991). As the Ninth Circuit has discussed, this proposition makes perfect sense:

> The state court has plenary authority to vacate state convictions. Once the court vacates a conviction, that conviction expires in the eyes of the State. It would therefore be odd, and we believe contrary to the Guidelines, for a federal court to treat as valid a state conviction that no longer exists, even though the conviction is being considered for the limited purposes of federal sentencing.... [T]he [federal] court may believe the state court's decision overturning the prior conviction is incorrect, but that is beside the point, for the Guidelines are concerned only with the state court's final determination, not with the soundness of its reasoning.

*Id.* In light of the dismissal of his 1999 state conviction, therefore, Cox is entitled to a review of his federal sentence, which

was enhanced on account of a prior conviction that now has been dismissed. *See United States v. Doe,* 239 F.3d 473, 475 (2d Cir.2001) (per curiam); *Guthrie,* 931 F.2d at 572–73. That review must account for the precise authority under New Jersey law in support of that dismissal, for only if Cox's 1999 state conviction was truly expunged, or was dismissed on account of constitutional invalidity, innocence, or errors of law, would Cox's sentence reflect an incorrect application of the Sentencing Guidelines. *See Matthews,* 205 F.3d at 546; *Beaulieau,* 959 F.2d at 380–81; *Guthrie,* 931 F.2d at 572.

■ As indicated above, the government urges us not to consider Cox's claims on direct appeal, but instead to require him to assert those claims in a § 2255 petition. Especially coming from the government, this argument strikes a somewhat dissonant chord, since the government often reminds us that "in order to preserve the finality of criminal sentences and effect the efficient allocation of judicial resources," petitioners must show "a complete miscarriage of justice" in order to raise and have considered, on § 2255 review, nonconstitutional and nonjurisdictional sentencing issues that were not raised on direct appeal. *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir.1996) (per curiam); *see, e.g., Werber v. United States,* 149 F.3d 172, 177 n. 4 (2d Cir.1998). Since Cox has successfully avoided the prospect of procedural bar by raising his sentencing claim on direct appeal, it would be inappropriate now to hold that we shall not consider that claim, though straightforward and rather easily resolved upon additional fact-finding, until he reasserts that identical claim yet again in a § 2255 petition. Such a disposition not only would have the potential to cause considerable confusion for defendants—who might infer from that conclusion, against the grain of much habeas and § 2255 jurisprudence, a preference

to have sentencing claims raised and addressed in postconviction proceedings, rather than on direct appeal—but in addition, given the restrictions on the filing of second or successive habeas and § 2255 petitions placed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, might effectively "force the appellant to use up his only [§ 2255] petition" to raise a straightforward claim that easily may be resolved upon further, but rather limited, fact-finding. *United States v. Leone,* 215 F.3d 253, 257 (2d Cir.2000) (exercising discretion to remand to district court for further fact-finding in order to address defendant's ineffective assistance claim); *cf. Adams v. United States,* 155 F.3d 582, 583 (2d Cir.1998) (per curiam) (AEDPA restrictions on second or successive petitions "bring[ ] into play new considerations" mandating changes to prior district court practice of construing prisoners' motions as § 2255 petitions, which "may result [under AEDPA] in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated").

In any event, the government conceded at oral argument that we may remand this case to the District Court in order to supplement the record and, if necessary, to recalculate Cox's sentence. Under the circumstances presented here, we exercise our discretion to remand to the District Court for it to ascertain the precise basis for the dismissal of Cox's 1999 state conviction and, if those facts render it necessary, for recalculation of his criminal history and resentencing in light of that dismissal. *Cf. United States v. Rhodes,* 106 F.3d 429, 433 (D.C.Cir.1997) (remanding to district court for possible resentencing, pursuant to 28 U.S.C. § 2106, convictions for possession of narcotics with intent to distribute following rever-

sal by Supreme Court of accompanying conviction for using firearm during drug-trafficking offense); *United States v. Giraldo*, 80 F.3d 667, 677 (2d Cir.1996) (reversing conviction for use of a firearm and remanding for resentencing on remaining convictions in light of that reversal), *abrogated on other grounds by Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). Should it conclude that Cox's 1999 state conviction should not be counted under U.S.S.G. § 4A1.2, the District Court nevertheless may consider whether that conviction should serve as the basis for an upward departure from the applicable guideline range under U.S.S.G. § 4A1.3—a matter on which we express no view in this opinion. *See* U.S.S.G. § 4A1.2(j) ("expunged" convictions may be considered under U.S.S.G. § 4A1.3).

## II. Ineffective Assistance of Counsel

■ Represented by new counsel on appeal, Cox argues that especially since the same lawyer represented him in both the federal and state prosecutions, that lawyer should have been aware of the federal sentencing consequences that might result from pleading guilty to the state charges after pleading guilty to the federal charges, but before his federal sentencing had taken place. Under those circumstances, Cox argues, permitting Cox to plead guilty to the state charges constituted ineffective assistance of counsel. *Cf. Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (voluntariness of guilty plea entered based on objectively unreasonable advice of counsel depends on whether there is a reasonable probability that, but for counsel's errors, the defendant would have proceeded to trial instead of pleading guilty); *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998) (failure of counsel to provide defendant with accurate information concerning potential

sentencing consequences of rejecting plea offer falls below objective standard of reasonable assistance); *Boria v. Keane*, 99 F.3d 492, 497–98 (2d Cir.1996) (failure of counsel to discuss with defendant whether to accept or reject plea offer constitutes ineffective assistance). The government's principal argument in response is that Cox's ineffective assistance claim, like his sentencing claim, is premature, and that we should defer consideration of that claim until he files a § 2255 petition. The government does not engage Cox's argument on the merits except to hypothesize that Cox's guilty plea to the state drug charges might have been "entered pursuant to a plea offer that was to expire before the federal sentencing date" and that Cox may have "attempted unsuccessfully to delay the pleading." Brief for the United States, at 13. Either possibility, if true, would tend to refute Cox's ineffective assistance argument.

■ As with Cox's sentencing claim, the government concedes that under *Leone* we may remand to the District Court for necessary fact-finding under the circumstances presented here. *See Leone*, 215 F.3d at 256; *United States v. Tarricone*, 996 F.2d 1414, 1417–18 (2d Cir.1993). We therefore exercise our discretion and remand to the District Court to determine the precise circumstances surrounding Cox's guilty plea to the 1999 state drug charges, including the role of counsel in advising him to do so, "rather than to dismiss the appeal and force the appellant to use up his only [§ 2255] petition." *Leone*, 215 F.3d at 257. Should the District Court find that Cox's lawyer rendered constitutionally ineffective assistance, it should fashion a remedy specifically tailored to that error, in order "as much as possible [to] restore[ ] the defendant to the circumstances that would have existed had

there been no constitutional error."[2] *United States v. Carmichael*, 216 F.3d 224, 227 (2d Cir.2000).

## CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the District Court is VACATED IN PART AND REMANDED for proceedings consistent with this opinion. We retain jurisdiction to hear Cox's claims once the record has been supplemented and he has been resentenced by the District Court. *See Leone*, 215 F.3d at 257; *United States v. Jacobson*, 15 F.3d 19, 21–22 (2d Cir.1994).

**2.** In this regard, we also note that should the District Court conclude that the dismissal of Cox's 1999 state drug conviction itself requires recalculation of his federal sentence, Cox's ineffective assistance claim may be rendered moot.