FILED
United States Court of Appeals
Tenth Circuit

August 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

JOHNNY HODGE,

        Defendant-Appellant.

No. 13-8020
(D.C. Nos. 1:09-CR-00345-NDF-1 &
1:12-CV-00268-NDF)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **HARTZ** and **TYMKOVICH**, Circuit Judges.

Johnny Hodge, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or

correct his sentence for lack of jurisdiction. We deny a certificate of appealability

(COA) and dismiss this proceeding.

## I.  Background

Hodge pleaded guilty to federal drug trafficking and firearms offenses and was

sentenced to 240 months' imprisonment. The district court entered the criminal

judgment in May 2010. Hodge did not file a direct appeal, but in October 2011, he

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filed a pro se § 2255 motion.  The district court dismissed his motion as time-barred under 28 U.S.C. § 2255(f) because Hodge failed to file it within one year of the date that his judgment of conviction became final.  Hodge filed another § 2255 motion on November 29, 2012, which the district court dismissed for lack of jurisdiction as an unauthorized second-or-successive § 2255 motion.  Hodge seeks a COA to appeal the district court's dismissal order.

## II.    Discussion

Hodge must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  Hodge satisfies one, but not *both,* parts of this test.

### A.    Would Jurists of Reason Find it Debatable Whether the District Court's Procedural Ruling was Correct?

Addressing the second part, we conclude that jurists of reason would find it debatable whether the district court's procedural ruling in this case was correct.  The district court's conclusion was correct to the extent that Hodge attempted to bring a claim that his defense counsel provided ineffective assistance with respect to his sentencing.  But the correctness of the court's ruling is debatable with respect to Hodge's claim that is based upon a recently obtained amended judgment related to

state court convictions that Hodge contends were used to enhance his federal sentence.

We initially conclude that the district court was correct in holding that Hodge's original § 2255 motion filed in October 2011, which the district court dismissed as time-barred, was adjudicated on the merits. Therefore, it counts as his first § 2255 motion for purposes of determining whether a later motion is second or successive. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam) (holding that the dismissal of a first habeas petition as time-barred was a decision on the merits rendering later habeas petitions challenging the same conviction second or successive under 28 U.S.C. § 2244(b)).

Having already filed a first § 2255 motion, Hodge must obtain this court's authorization to file a second-or-successive motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3). A prisoner's post-judgment motion is treated as a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction or sentence. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). In contrast, if the motion "seeks to correct an error in the previously conducted [§ 2255] proceeding itself," it is not characterized as a successive motion. *Id*. "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148.

The district court construed Hodge's motion as alleging a claim that his trial counsel was ineffective in failing to object to the presentence investigation report (PIR), and thereby allowing him to be sentenced as a career offender under United States Sentencing Guidelines (USSG) § 4B1.1.  Hodge asserted in his § 2255 motion that his counsel never reviewed the PIR with him and never told him that he was being sentenced as a career offender.  He claimed that he "made this known" to the district court at his sentencing.[1]  R. at 6.

The district court was correct in concluding that Hodge's ineffective-assistance claim was second or successive under *Nelson* because it asserted a claim of error in his sentence.  *See* 465 F.3d at 1147.  But the court construed his pro se § 2255 motion too narrowly.  *See United States v. Lee Vang Lor*, 706 F.3d 1252, 1256 (10th Cir. 2013) (construing pro se § 2255 motion liberally).  Liberally construed, Hodge's motion also sought to reopen his sentence based on a Stipulated Order Modifying Judgment and Sentence issued by a Wyoming state district court (Wyoming Stipulated Order).  *See* R. at 12-15.  Hodge asserted that, as a result of the Wyoming Stipulated Order, he no longer has two predicate state convictions, and he therefore is not a career offender under USSG § 4B1.1(a), which requires "two prior felony convictions of either a crime of violence or a controlled substance offense."

---

[1]  It is unclear from Hodge's motion whether he informed the district court at his sentencing that he had not reviewed his PIR, that he did not know he was being sentenced as a career offender, or both.

- 4 -

In *Custis v. United States*, 511 U.S. 485, 497 (1994), the Supreme Court stated that a defendant who has successfully attacked state sentences either in state court or in federal habeas review could "then apply for reopening of any federal sentence enhanced by the state sentences." Following *Custis*, we "recognized the availability of sentence review upon the invalidation of a predicate offense." *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996) (holding claim was cognizable under § 2255 after prior convictions used to calculate criminal history under Sentencing Guidelines were successfully attacked). The Supreme Court more recently reiterated "that a prisoner could proceed under § 2255 after successful review of the prior state conviction on federal habeas under § 2254 or favorable resort to any postconviction process available under state law." *Johnson v. United States*, 544 U.S. 295, 304 (2005).

We have now held that a § 2255 motion is not "second or successive" under § 2255(h) if it seeks to reopen a federal sentence on the ground that state convictions that were used to calculate the prisoner's criminal history category were subsequently vacated. *See In re Weathersby*, 717 F.3d 1108, 1111 (10th Cir. 2013) (per curiam). In *Weathersby*, we reasoned that "relief under § 2255 is not available until the state conviction used to enhance the federal sentence is vacated," because "[i]t is the fact of the state court vacatur that gives rise to the federal claim." *Id.* at 1110. Therefore, if the prisoner's state convictions were vacated after the proceedings on his first

§ 2255 motion became final, then a claim based on the vacatur is not second or successive and does not require this court's prior authorization. *Id.* at 1111.

Unlike the prisoners in *Cox* and *Weathersby*, Hodge does not allege in his motion that any of his state court convictions has been vacated, set aside, expunged, or dismissed. *See Cox*, 83 F.3d at 338; *Weathersby*, 717 F.3d at 1109. But Hodge claims that the practical effect of the Wyoming Stipulated Order is the same as if all but one of his convictions had been vacated, because his convictions are now consolidated under the state court's order. It is therefore at least debatable whether Hodge could bring a § 2255 claim to reopen his sentence based on the Wyoming Stipulated Order under the reasoning in *Custis*, *Cox*, and *Johnson*. *See, e.g., Johnson*, 544 U.S. at 304 (referring to availability of § 2255 claim after "favorable resort to any postconviction process under state law"). Thus, it is likewise debatable whether the district court was correct in dismissing Hodge's § 2255 motion in its entirety as an unauthorized second-or-successive motion to the extent that he sought a resentencing based on the Wyoming Stipulated Order, which did not exist before the proceedings in his first § 2255 motion were completed. *See Weathersby*, 717 F.3d at 1111.

B. **Would Jurists of Reason Find it Debatable Whether Hodge's Motion States a Valid Claim of the Denial of a Constitutional Right?**

To obtain a COA, Hodge must *also* establish that jurists of reason would find it debatable whether his § 2255 motion states a valid claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484. We may not issue a COA if Hodge

alleges only a violation of federal law.  *See United States v. Gordon*, 172 F.3d 753,

754 (10th Cir. 1999) (holding court could not issue COA on defendant's

non-constitutional claims).  But "our review is limited.  We will only take a 'quick'

look at the [§ 2255 motion] to determine whether [Hodge] has facially alleged the

denial of a constitutional right."  *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir.

2000) (quotations and brackets omitted).

The Supreme Court did not explicitly state, in *Custis* or in *Johnson*, that a

motion to reopen a federal sentence after predicate state court convictions have been

vacated asserts a constitutional claim.  We have not addressed this question, nor have

we found a case addressing the precise issue here:  whether a COA may issue

because such a claim is based on the denial of a constitutional right.  But other

courts' decisions suggest that Hodge's claim to reopen his federal sentence does not

allege the denial of a constitutional right.

The First Circuit has characterized a federal resentencing claim based on the

vacation of a predicate state conviction on constitutional grounds as a constitutional

claim under § 2255.  In *Mateo v. United States*, 398 F.3d 126, 127-28 (1st Cir. 2005),

a state court had vacated the prisoner's guilty plea in a state conviction that had been

used to enhance the defendant's federal sentence.  The state court vacated the plea

because it was "premised on a constitutionally insufficient colloquy."  *Id.* at 128.

The First Circuit "described such a violation as one of constitutional dimension, and,

in any event, as a claim cognizable under § 2255 on the basis of which a district court

may properly reopen a federal sentence." *Id.* at 136. The court noted its holding in a prior decision that a similar claim could be brought under § 2255 "whether on constitutional or grounds otherwise subject to collateral attack." *Id.* (quotation and alteration omitted). In *United States v. Cox*, 245 F.3d 126, 130-31 (2d Cir. 2001), the Second Circuit concluded that the defendant was "entitled to a review of his federal sentence, which was enhanced on account of a prior conviction that [had] been dismissed." The record did not reflect the reason for dismissal of the predicate state conviction. *See id.* at 129. But the court suggested that, even if it had been "dismissed on account of constitutional invalidity," the claim would involve "an incorrect application of the Sentencing Guidelines," which the court characterized as a "nonconstitutional . . . sentencing issue." *Id.* at 131.

In this case we conclude that Hodge's motion alleges a nonconstitutional sentencing issue. He does not assert that his state convictions were found to be constitutionally invalid. Nor does he contend that his claim to reopen his federal sentence rests on the denial of a constitutional right. The Wyoming Stipulated Order, which Hodge relies on as the basis to reopen his sentence, states that "the parties hereby stipulate that it is in the best interest of justice to amend the Judgment and Sentence to read that the plea and sentence in this case was part of a consolidated plea agreement." R. at 15. Hodge contends that this state court order shows that his convictions were consolidated and therefore "are to be counted as one (1) conviction not as separate charges" for purposes of determining his career offender status. *Id.* at

12.  Hodge appears to be asserting that his consolidated state convictions cannot be counted separately under USSG §§ 4A1.2 and 4B1.2(c)(2) for purposes of determining whether he can be sentenced as a career offender under USSG § 4B1.1. *See, e.g., United States v. Jordan*, 485 F.3d 1214, 1224 (10th Cir. 2007) (explaining how prior sentences were counted under former versions of USSG §§ 4A1.1, 4A1.2, 4B1.1, and 4B1.2).  His claim is therefore based on the construction and application of the Sentencing Guidelines, rather than on any constitutional violation.  *See Cox*, 245 F.3d at 131; *cf. Dulworth v. Jones*, 496 F.3d 1133, 1138 (10th Cir. 2007) (holding claim asserted under federal procedural rules "did not raise a constitutional claim"); *Gordon*, 172 F.3d at 754 (same).

## III.    Conclusion

We conclude that jurists of reason would not find it debatable that Hodge's § 2255 motion fails to state a valid claim of the denial of a constitutional right. Accordingly, we deny his application for a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

13-8020, <u>United States v. Hodge</u>

**HARTZ**, J., Concurring.


      I concur in denial of a COA. There is no merit to Hodge's underlying claim. The state court's stipulated order of August 22, 2012, does not affect the calculation of his guideline sentencing range because he still has two prior crimes of violence under USSG § 4B1.2. The state-court order does not, and could not, change the fact that he was arrested on the aggravated-assault charges before he committed the escape offense, so the offenses are counted separately under USSG § 4A1.2(a)(2).