11-3707-cr
*United States v. Forrest*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
            PIERRE N. LEVAL,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

            v.                                          11-3707-cr

MICHAEL FORREST,
                    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                   Rajit S. Dosanjh and Tamara B. Thomson,
                                Assistant United States Attorneys, *for* Richard
                                S. Hartunian, United States Attorney for the
                                Northern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:      Robert A. Culp, Law Office of Robert A. Culp, Garrison, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and the case is **REMANDED** for reconsideration of the sentence.

Defendant-appellant Michael Forrest appeals from a judgment entered August 16, 2011, convicting him, following a plea of guilty, of one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).  The district court sentenced Forrest principally to 180 months' imprisonment and ordered him to pay $5,000 in restitution.  On appeal, Forrest argues that (1) the sentence was procedurally unreasonable because the district court incorrectly applied a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B); (2) the district court failed to adequately explain the sentence; (3) the sentence was substantively unreasonable; (4) he received ineffective assistance of counsel during sentencing proceedings; and (5) the restitution order was erroneous.  He also seeks vacatur of the district court's decision, filed February 1, 2012, denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

The government joins Forrest in asking that we remand for resentencing because it agrees with Forrest that the district court erred in applying a five-level sentence enhancement under U.S.S.G. § 2G2.2(b)(3)(B), which is triggered where the defendant's distribution of child pornography involves "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain."  U.S.S.G § 2G2.2(b)(3)(B). Without deciding the issue, we remand to the district court to consider the arguments of both Forrest and the government in favor of resentencing.

As the case is to be remanded for reconsideration of the sentence, we decline to reach Forrest's arguments challenging the adequacy of the district court's explanation of the sentence, the substantive reasonableness of the sentence, and the effectiveness of his counsel during sentencing.[1]  *See United States v. Cox*, 245 F.3d 126, 132-33 & n.2 (2d Cir. 2001) (declining to decide defendant's claim that counsel was ineffective during sentencing where case was being remanded for resentencing, and noting that resentencing may moot ineffective assistance claim).  Similarly, we need not reach Forrest's challenge to the district court's decision denying his § 2255 motion, as that challenge may be rendered moot by our decision to remand for reconsideration of the sentence.

---

[1] We are confident that, if the district court resentences Forrest, it will meet its obligation to explain its sentence as required by 18 U.S.C. § 3553(c) to "ensure that [the] district court[] actually consider[ed] the statutory factors and reach[ed] reasoned decisions," "promote the perception of fair sentencing," and permit "meaningful appellate review."  *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008).

Though we do not reach the merits of Forrest's other claims, we hold that he has waived his challenge to the restitution order.  We have held that "[i]f [a] party consciously refrains from objecting as a tactical matter, then that action constitutes a true 'waiver,' which will negate even plain error review."  *United States v. Yu-Leung*, 51 F.3d 1116, 1122 (2d Cir. 1995); *see also United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (holding that tactical decision to agree to life imprisonment as an alternative to death penalty waives claim of plain error); *United States v. Wellington*, 417 F.3d 284, 290 (2d Cir. 2005) (holding that deliberate, tactical decision to forego certain procedures at trial waives challenge of the absence of those procedures).  Here, Forrest made a tactical decision to accept responsibility for paying restitution to a victim of his crime as part of a conscious attempt to seek leniency at sentencing.  *See* App. at 83 (Forrest's counsel arguing at sentencing that Forrest has "pa[id] an agreed amount of restitution, for a particular [victim] in this matter, and he recognizes what he's done").  He cannot now argue on appeal that the restitution order was in error.

For the foregoing reasons, we **AFFIRM** the district court's restitution order and **REMAND** to the district court to consider whether to resentence in light of the arguments advanced by both Forrest and the government.  If the district court imposes a new sentence and either party wishes to appeal, that party should file a notice of appeal and proceed in the customary fashion.  If the district court declines to resentence and Forrest wishes to restore our consideration of this appeal, he should so advise the

Clerk within fourteen days after the district court's filing of an order denying his application for resentencing.  This panel will then resume consideration of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk