16-2738-cr
*U.S. v. Hoey*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            v.                                          16-2738-cr

THOMAS HOEY, JR.,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     ROBERT ROSENTHAL, New York, New York.

FOR APPELLEE:                DANIEL B. TEHRANI, Assistant United States
                            Attorney (Kristy J. Greenberg, Karl N.
                            Metzner, Assistant United States Attorneys, *on
                            the brief*), for Geoffrey S. Berman, United States
                            Attorney for the Southern District of New
                            York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as to Hoey's conviction and **VACATED** as to his sentence, the restitution order is **AFFIRMED**, and the case is **REMANDED** for further proceedings.

Defendant-appellant Thomas Hoey, Jr., appeals from a judgment of conviction and an order of restitution, both entered July 29, 2016. Hoey was convicted by a jury of embezzlement from an employee benefit plan, 18 U.S.C. § 664, interstate transport of stolen money, 18 U.S.C. § 2314, wire fraud, 18 U.S.C. § 1343, and money laundering, 18 U.S.C. § 1957. On appeal, he challenges, *inter alia*, the district court's evidentiary rulings, order of restitution, and sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hoey is the owner of a New York-based banana importation company (the "Company"). In 1991, the Company, at the time managed by Hoey's father, instituted an employee profit sharing plan (the "Plan"), which was subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). The Company, at its discretion, would place funds in the Plan, and the Company's employees, upon vesting or leaving the company, could redeem their portion of the Plan's proceeds. Hoey was

trustee of the Plan and therefore had a fiduciary duty to manage the Plan for the benefit of its participants. Additionally, Hoey was prohibited from borrowing money from the Plan by ERISA.

Beginning in 2009, as the Company was struggling financially, Hoey began to transfer money from the Plan into the Company's accounts. In 2009, Hoey transferred $350,000 from the Plan to the Company, followed by another $415,000 in 2010. Later in 2011, Hoey repaid the Plan $75,548 only to take out another $73,000 in 2012. The remainder of the money has still not been repaid to the Plan.

In 2015, the Government, based on these transactions, indicted Hoey on four counts as set forth above. After a five-day trial, on March 18, 2016, Hoey was found guilty on all four counts.

On July 25, 2016, the district court sentenced Hoey principally to sixty months' imprisonment on Count One and eighty-four months' imprisonment on Counts Two, Three, and Four, all four to run concurrently with each other, but sixty-six months of which were ordered to run consecutively to a separate sentence imposed in another prosecution. The district court also imposed restitution in the amount of $650,936.20, which represented the losses by the Plan participants except those who personally benefitted from Hoey's criminal conduct (i.e., Hoey and his wife). Hoey did not challenge the restitution order before the district court.

On appeal Hoey attacks the district court's judgment on several fronts, arguing that (1) the district court erred in admitting evidence of Hoey's lavish spending habits, **(**2) the district court erred in rejecting Hoey's requests for a *Kastigar* hearing, *see Kastigar v. United States*, 406 U.S. 441 (1972), and (3) the district court incorrectly awarded restitution based on acts that occurred outside the relevant statute of limitations. Hoey also contends that the sentence must be vacated and remanded for resentencing due to the recent reversal of his state court conviction. We will address each contention in turn.

### 1. Evidentiary Challenge

Hoey contends that the district court erroneously admitted evidence of his personal spending habits, suggesting that the evidence was unduly prejudicial under Federal Rule of Evidence 403. "We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015) (internal quotation marks omitted). When considering a challenge under Rule 403, "so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006). We apply a deferential standard because the district court is in a "superior position to assess relevancy and to weigh the

probative value of evidence against its potential for unfair prejudice." *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010).

Here, the district court's decision was not manifestly erroneous, arbitrary, or irrational. The district judge carefully considered Hoey's Rule 403 challenge through a *motion in limine* and concluded that while evidence of Hoey's lavish spending habits would be allowed, evidence of his spending on illegal activities (e.g., drugs and prostitutes) would be barred. Hoey's spending habits coupled with the depletion of the Company's funds due to financial struggles was highly probative of Hoey's motive for taking money from the Plan and was used to rebut Hoey's defense that he had a good faith belief that the money he took was being used for the benefit of the Plan beneficiaries. Though evidence of Hoey's spending, particularly of payments to his girlfriend, undoubtedly was prejudicial, it was not manifestly erroneous for the district judge to find that this prejudice was greatly outweighed by the probative value of the evidence.

### 2. *Kastigar* Hearing

On three separate occasions Hoey argued that he was entitled to a hearing pursuant to *Kastigar*, 406 U.S. at 441, to determine whether the instant investigation and prosecution was tainted by law enforcement's exposure to privileged information from a separate, earlier criminal investigation that resulted in Hoey pleading guilty to narcotics violations. During this earlier investigation, law enforcement officials

obtained the investigative file of a private investigator hired by Hoey, which Hoey argued was protected by privilege and work product protections. At least one law enforcement official from the earlier narcotics case later became involved in the instant embezzlement case.

Even assuming *arguendo* that the investigative file was privileged, Hoey's argument fails. "A district court's determination of whether the government improperly has used privileged information in a criminal prosecution is an issue of fact that will not be reversed unless the district court's finding is clearly erroneous." *United States v. Schwimmer*, 924 F.2d 443, 446 (2d Cir. 1991). To force the government to make an affirmative demonstration that it derived its evidence from legitimate, independent sources, Hoey had to show a factual connection between the allegedly privileged information and the charges in this case. *United States v. Blau*, 159 F.3d 68, 72-73 (2d Cir. 1998). Hoey failed to do so.

Hoey first suggests that without access to the investigative file law enforcement agents would have never learned that Hoey's driver was a potential witness against him. He presents no evidence that suggests this connection, however. The record belies this point as the private investigator makes no specific mention of Hoey's driver. Moreover, it would be fairly routine for law enforcement to interview a suspect's personal driver in the course of an investigation.

Hoey also points to an e-mail by a law enforcement agent involved in both cases providing commentary on a potential witness. Hoey fails to explain how this e-mail could have any connection to potentially privileged information from the first investigation. Lastly, Hoey argues that the presence of the same agent in both cases itself warrants a *Kastigar* hearing. We disagree. Hoey had to show a connection or at least make a plausible showing as to how privileged information from the first investigation influenced the second investigation. He failed to do so and the district court did not clearly err in denying his requests for a *Kastigar* hearing.

### 3. Order of Restitution

Hoey challenges the district court's order of restitution, arguing that it miscalculates the amount of restitution by including money that he removed from the Plan in June 2009, purportedly outside the applicable statute of limitations. This argument was not raised before the district court.

"Ordinarily, we review a district court's order of restitution . . . for abuse of discretion. However, where, as here, a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (citations omitted). An error is plain when it is a clear and obvious error, which affected the appellant's substantial rights, and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 91, 95 (citation omitted).

The district court may order restitution only for losses "directly caused by the conduct composing the offense of conviction." *United States v. Silkowski*, 32 F.3d 682, 689 (2d Cir. 1994) (suggesting that restitution may be based only on conduct within the applicable statute of limitations unless the offense is a continuing offense). Therefore, the June 2009 conduct could have been considered as a basis for restitution only if it was part of a continuing offense. *Id.* at 690; *United States v. All Star Indus.*, 962 F.2d 465, 477 (5th Cir. 1992); *United States v. Dupre*, No. 04 Cr. 267 (DLC), 2007 WL 1589451, at *5 (S.D.N.Y. June 4, 2007), *aff'd*, 296 F. App'x 113 (2d Cir. 2008).

An offense is continuing if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115 (1970). It was not plain error for the district court to conclude that Hoey's wire fraud from 2009 to 2012 constituted a continuing offense, and thus the June 2009 conduct was properly considered by the district court for restitution purposes. *See, e.g.*, *United States v. Abrams*, 539 F. Supp. 378, 383-84 (S.D.N.Y. 1982). The transfers from 2009 to 2012 were of a similar nature and continued in succession, and had each transfer been exposed the subsequent transfer would have been less likely to occur. *See United States v. Yashar*, 166 F.3d 873, 875-876 (7th Cir. 1999) ("The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent.'"

(quoting *Toussie*, 397 U.S. at 122)). Accordingly, the district court did not commit plain error in its order of restitution.[1]

### 4. Sentencing

Hoey's presentence report determined that he fell within Criminal History Category III, in part due to his conviction under New York state law for assault in the third degree. After sentencing in this case, however, Hoey's state conviction was reversed on appeal. *See People v. Hoey*, 145 A.D.3d 118 (1st Dep't 2016). Without the state conviction, Hoey's Criminal History Score is reduced from six to three, and his Criminal History Category is reduced from III to II. Accordingly, a remand for resentencing is appropriate. *United States v. Cox*, 245 F.3d 126, 130-32 (2d Cir. 2001) (remanding case for resentencing where prior state conviction was dismissed); *see also United States v. Doe*, 239 F.3d 473, 475 (2d Cir. 2001) (per curiam) ("[D]efendants who successfully attack state convictions may seek review of federal sentences that were enhanced on account of such state convictions.").[2]

---

[1] Hoey also suggests that the money owed by the Plan to his father, a plan beneficiary, should be deducted from the amount of restitution due based on a letter his father to the district court wrote disclaiming that he was a victim. The district court carefully considered this argument and concluded that the father's after-the-fact letter consisted of generic statements, no doubt made out of his love for his son, which did not amount to permission to remove any money from the Plan. This was not plain error.

[2] The government consents to a remand for resentencing.

Accordingly, we **AFFIRM** Hoey's conviction and the order of restitution, we **VACATE** his sentence, and **REMAND** for resentencing as set forth above.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk