24-290-cr
*United States v. Clark*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> > *Circuit Judge*,
> BRENDA K. SANNES,
> > *Chief District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                         24-290-cr

ALLEN R. CLARK,

> *Defendant-Appellant*.

---

For Appellee:                          KATHERINE A. GREGORY, Assistant United States Attorney, *on behalf of* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

---

[*] Chief Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

For Defendant-Appellant:            DANIEL M. PEREZ, Attorney for Defendant-Appellant, Newton, NJ.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Allen R. Clark appeals from the judgment of the district court convicting him, pursuant to his guilty plea, of one count of financial institution fraud in violation of 18 U.S.C. § 1344. The district court sentenced Clark principally to an 84-month term of imprisonment—a sentence 38 months longer than the top end of the advisory Guidelines range. On appeal, Clark contends that he received ineffective assistance of counsel in connection with sentencing and that the sentence imposed was substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Clark primarily argues that his lawyer was ineffective for failing to address or oppose the district court's expressed intention to impose an above-Guidelines sentence.[1] The district court told the parties that it was considering an upward departure under U.S.S.G. § 4A1.3 or a variance based on the 18 U.S.C. § 3553(a) factors. The district court then explained that it was delaying Clark's sentencing to give defense counsel "as much time as . . . need[ed]" to address this "important issue." App'x 70. Despite this opportunity, Clark's lawyer did not address departure or variance in either his written submission to the court or in his oral presentation at sentencing.[2]

---

[1] Clark also argues that his lawyer before the district court rendered constitutionally ineffective assistance by failing to present obvious mitigation arguments to reduce his sentencing exposure and for appealing to the Federal Circuit as opposed to this Court.

[2] Clark also contends that the document his lawyer submitted to the district court is incomprehensible at parts and suggests a misunderstanding of federal plea agreements, the Sentencing Guidelines, and the respective roles of magistrate and district judges.

2

Clark's lawyer even had to be prompted by the court to request a within-Guidelines sentence. App'x 90 ("THE COURT: All right. And I guess you, well, at the least urge the Court to sentence within the 37 to 46 months? [Defense counsel]: Correct, Your Honor."). Clark argues that he was plausibly prejudiced by his counsel's lawyering and asks that we remand his case for further development of his ineffective assistance claim.

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Davis*, 122 F.4th 71, 76 (2d Cir. 2024) (internal quotation marks omitted). We agree with Clark that absent a more developed record, we cannot decide his ineffective assistance claim on direct appeal. But given the relative simplicity of the circumstances here, we exercise our discretion to remand to the district court to develop the record on whether Clark received ineffective assistance from his counsel at sentencing and whether he suffered prejudice as a result. *See United States v. Leone*, 215 F.3d 253, 257 (2d Cir. 2000). Should the district court determine that Clark received constitutionally ineffective assistance at sentencing, "it should fashion a remedy specifically tailored to that error, in order as much as possible to restore the defendant to the circumstances that would have existed had there been no constitutional error."[3] *United States v. Cox*, 245 F.3d 126, 132-33 (2d Cir. 2001) (internal quotation marks and alterations omitted).

For the foregoing reasons, the case is **REMANDED** for further proceedings consistent with this order. In the event that the district court determines that resentencing is required, it may

---

[3] Because we remand for the district court to develop and consider Clark's ineffective assistance claim, we decline to reach his argument that the sentence imposed was substantively unreasonable at this time.

vacate the judgment for this limited purpose.   Upon the conclusion of the renewed district court proceedings, either party may restore jurisdiction to this Court by filing with the Clerk of the Court of Appeals, within 30 days, a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored.   No new notice of appeal or filing fee will be required.   In the interest of judicial economy, any renewed appeal will be assigned to this panel.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk